# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                           **Case No. 08-CR-194**

**ANDRE BULLOCK**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Andre Bullock pleaded guilty to possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1). After accepting the plea, I ordered a pre-sentence report ("PSR") and scheduled the case for sentencing.

### I. SENTENCING GUIDELINES

The first step in imposing sentence is to calculate the advisory sentencing guideline range. E.g., United States v. Garrett, 528 F.3d 525, 527 (7th Cir. 2008). In this case, the PSR set a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A), based on defendant's prior conviction for a controlled substance offense. Following a 3 level reduction for acceptance of responsibility under § 3E1.1, and coupled with defendant's criminal history category of II, the PSR recommended an imprisonment range of 27-33 months. The parties agreed with these calculations, which I found correct and adopted accordingly.

### II. SECTION 3553(a)

**A.    Sentencing Factors**

After calculating the guideline range, the court must determine the sentence under all of the factors set forth in 18 U.S.C. § 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the primary purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. While the district court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), it may not presume that the guideline sentence is the correct one, Nelson v. United States, 129 S. Ct. 890, 892 (2009); Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, the court must independently determine an appropriate sentence based on all of the § 3553(a) factors, see United States v. Carter, 530 F.3d 565, 578 (7th Cir.), cert. denied, 129 S. Ct. 474 (2008), "without any thumb

on the scale favoring a guideline sentence," United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007).

**B.   Analysis**

   **1.   The Offense**

On May 25, 2008, at about 9:00 p.m., police officers pulled defendant over for loud music, saw him try to conceal something, then located a loaded pistol in the center console. The officers further observed defendant to be wearing a holster and found some marijuana in his pocket. As a convicted felon, defendant could not lawfully possess a gun.

Defendant told the PSR writer that he was driving a friend's car at the time and denied that the gun belonged to him. He admitted that he saw the gun before the traffic stop when he opened the console to look for a CD. But that did not explain the holster. In his post-arrest statement to police, defendant denied knowing <u>anything</u> about the gun seized from the car and stated that the holster was for another gun, which he kept at his girlfriend's house. Police were unable to find the friend or the apartment where defendant said he kept the other gun.

   **2.   The Defendant**

Defendant was thirty-six years old, with a fairly limited prior record. In 1994, he was convicted of carrying a concealed weapon after police found a loaded pistol in a holster on the floor of his car. He served 1 year of probation for that offense, completing it successfully. In 2001, he was convicted of cocaine delivery, resulting in a 4 year prison term stayed for 4 years probation with 1 year jail as a condition. Defendant tested positive for marijuana numerous times while on probation in that case but nevertheless avoided revocation. He also tested positive several times while on pre-trial release in this case. He attended counseling as part

3

of his release conditions, but his counselor stated that his investment in treatment was limited. Further testing and treatment seemed in order.

There were some positive aspects to defendant's character. Raised in a two-parent home, he enjoyed a good childhood, graduated from high school, and took some post-secondary classes. He compiled a good work record, as set forth in the PSR.

Defendant married in 2001, and although he and his wife later separated she stated that he was a good father to their two children, ages fourteen and ten. She further stated that he helped care for her oldest child from a previous relationship following a serious car accident. I also received positive letters from defendant's sister, a friend, a former employer and his current employer. I did note a tendency among the family members who wrote or spoke to the PSR writer to blame defendant's troubles on people he associated with, but at age thirty-six defendant was too old for those types of excuses. Nevertheless, he presented as a person with positive qualities, who could behave pro-socially.

### 3. The Sentence

The guidelines recommended a sentence of 27-33 months in prison, and the government suggested a prison term at the low end of that range. Defendant sought a probationary sentence with some form of community confinement. In support of his request, defendant noted his positive character traits, including his work record and family ties; the seven-year gap between the predicate felony and the instant offense, during which he completed a term of probation; the mitigating aspects of the instant offense, i.e. the location of the gun in a borrowed car; and his efforts to cooperate with the government, debriefing with ATF agents. While I concluded that these factors warranted some consideration, I concluded that a prison sentence was necessary in this case.

4

As indicated above, defendant was past the point where he could make excuses about bad choices in friends or poor choices in general. He had been in the system before, including for a gun case, and served one year of county jail time, yet continued to break the law and to use drugs, as evidenced by his positive tests on state probation and pre-trial release. Officers found marijuana in defendant's pocket when arresting him in this case. I was also skeptical about defendant's version of what happened in this case, particularly given the discovery of the holster, which undermined his claim that this was a friend's gun.[1] Thus, I concluded that a prison sentence was needed to promote respect for the law and to deter.

However, I concluded that a sentence somewhat below the guideline range would suffice. Defendant's record was fairly limited, with no history of violence or improper use of a firearm. The prior drug case that increased his base level to 20 involved a modest amount of cocaine, and the record contained no suggestion of violence or weapons in that case. See, e.g., United States v. Love, No. 07-CR-198, 2008 WL 2074056, at *3 (E.D. Wis. May 14, 2008) (finding that minor drug case, which increased base offense level to 20, resulted in overstatement of the defendant's risk with a gun). Defendant's story about the gun found in the car in this case was a bit fishy, but in any event the record contained no indication that he planned to do anything with it. Thus, I found a sentence below the range sufficient to protect the public. I also noted that he had never done prison time before, and a lesser term will generally suffice to deter a defendant who has not done significant time, as opposed to one

---

[1] At sentencing, defendant repeated his claim that he borrowed a friend's car, which happened to have a gun in it. He also stated that the furtive movements the officers observed involved him reaching for his driver's license rather than secreting the firearm. However, he offered no explanation for the holster, which cast doubt on his claim that this was a friend's gun, and that he did not place the gun in the console.

5

who has yet continues to re-offend. See United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005). Finally, I took into account the positive personal characteristics discussed above, including his family ties and work record, as well as his attempts to cooperate, which I may consider as a sign of positive character development. See United States v. Knox, 573 F.3d 441, 453 (7th Cir. 2009) ("[A]s a general matter, a district court may consider a defendant's cooperation with the government as a basis for a reduced sentence, even if the government has not made a § 5K1.1 motion.").

Under all of the circumstances, I found a sentence of 15 months sufficient but not greater than necessary to satisfy all of the purposes of sentencing. This sentence varied modestly from the guidelines, and because it was based on the specific facts of the case it created no unwarranted disparity.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 15 months, followed by three years of supervised release. As a condition of supervision, I ordered defendant to participate in a program of drug testing and treatment. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge